JOHN HASSELL v. W. M. NUTT.

Where the defendant pleaded former acquittance in a Justice's Court, this Court said, But it is sufficient to dispose of this ground of defence, that it does not affirmatively appear that the judgment was rendered upon a trial upon the merits (there had been a verdict and judgment.) It was unnecessary for the plaintiff to resort to evidence *aliunde*, to prove that the judgment was not so rendered. But if it had been necessary, the testimony of the Justice, who tried the case, was admissible for that purpose.

It seems that where a contract is entire and incapable of apportionment, or where the plaintiff sues for a recovery as for a complete performance, on the ground that performance was prevented by the defendant, the action is premature if brought before the period of time, if any, at which the contract contemplated full performance.

A contract of hire for a year, as overseer, for a certain part of the crop, is divisible; and if the overseer be discharged before the expiration of the year, without his fault, he may sue immediately for the damages occasioned by such discharge.

Where the suit was brought by an overseer, for damages occasioned by his discharge, and the contract was for a year, to be compensated by a fifth of the crop, it was held that the plaintiff was properly permitted to prove the value of the crop, as a circumstance from which to estimate the damage occasioned by his discharge.

It is objected that the petition does not allege the damages sought, with sufficient specialty. This might have been a good ground of exception to the petition, but was not a ground for rejecting the evidence, proposed to prove the damages claimed by the plaintiff in his petition.

A contract of hire for a year, as overseer, for a fifth part of the crop, is divisible and if the overseer be discharged before the expiration of the year, without his fault, he is entitled to recover, not the full value of one fifth part of the crop, nor merely the value of his services during the time he was actually engaged in rendering them, but also the damage he sustained by reason of the defendant's breach of the contract.

Though there may have been error in the charge, the finding of the jury appears to have been conformable to law and the evidence. The defendant, therefore, can have sustained no injury in consequence of the ruling complained of.


Appeal from Anderson. On the second day of January, 1852, Hassell employed Nutt as his overseer for one year, for which Nutt was to receive one-fifth of the crop, and the use of a house on the farm.

The agreement was in writing. About the first of April,

Hassell discharged Nutt, without assigning any cause, and refused to pay him for his services already rendered, which Nutt offered to take ; but ordered him to leave his premises immediately. Nutt thereupon sued Hassell August, 1852, alleging the contract and breach thereof in general terms, and claiming damages in general terms for five hundred dollars. Defendant pleaded a former acquittance in a Justice's Court, and alleged negligence and want of skill on the part of the plaintiff.

The plaintiff proved performance on his part, until the time of his discharge ; and the testimony showed that the work on the farm was as far forward as any in the vicinity. The plaintiff then proved the amount of land in cultivation ; the probable yield per acre ; the value of corn and cotton that Fall, and the value of the house per month ; amounting to about $900. To the introduction of which evidence the defendant excepted, without any statement of the particular objection.

The defendant called a Justice of the Peace, who produced his docket and original papers in a suit which appeared to have been brought upon the contract now sued on. There was the verdict of a jury in the case, as follows : " We, the jury, find for the defendant, there being no cause of action before us." Upon which a regular judgment was entered for the defendant. On cross-examination, the Justice testified, the defendant excepting, that he had excluded the agreement from the jury, on the ground that it had not been set forth in the citation, nor endorsed thereon ; that thereupon Nutt's counsel abandoned the case ; that he was unwell at the time, and told the attorneys to fix up the judgment ; that it was written out by one of them ; that he supposed it was a non-suit ; that such was his understanding at the time.

The Court charged the jury that if they found that Hassell had broken the contract, they should find for Nutt, and that the measure of damages would be the value in the year 1852 of an average crop of Hassell's place, and the value of the rent of the house Hassell was to furnish Nutt, from the time of the breach of the contract to the end of the year.

The defendant asked the Court to charge the jury, that the plaintiff was only entitled to recover what his services were reasonably worth for the time he was actually employed in the service of the defendant.　Refused.

Verdict and judgment for the plaintiff for $163 92.

*G. F. Moore*, for appellant.　I.　It seems, from the manner in which the appellee's petition was drawn, that he supposed that the refusal of the appellant to permit him to perform his part of the conditions of the contract, coupled with the tender of the performance of his part, gave him not only an immediate right of action, but also entitled him to demand the entire compensation that he would have been entitled to if all the conditions on his part had been performed; which position the Judge's charge will show were sustained by the Court below.

This position is, I think, fully denied by the case of Watts v. Ladd, 1 McMullan, 26.

And even the right to recover on a *quantum meruit*, before the expiration of the term when payment, under the contract, became due, is expressly denied by other authorities.　(Chit. on Con. 580,a and authorities referred to in notes n and o; 1 Sup. U. S. Dig. p. 187, Sec. 288.)

But perhaps it will be urged by the appellee, that the true construction of the petition is, that he only seeks under it the value of the services which he actually rendered, and that the contract is made a part of the petition for the purpose of furnishing a basis of the proof of the *quantum meruit* of those services as agreed upon by the parties under the contract.　If so, I would ask why is there no allegation in the petition, showing the proportion of services performed or when the appellee was discharged, but that damages are claimed as if there had been an entire breach by the appellant and the averment of an entire performance or acts which seem evidently to be presented as equivalent to an entire performance of all the conditions of the contract on the part of the appellee.

But still this would not meet the objection to the petition,

for if the appellee is entitled to demand, for the services actually rendered, such a part of the entire compensation agreed upon, as the time of service would be to the whole year; yet, as by the contract, this amount was not due until the end of the year, this suit would still have been brought for that amount before it was due.

It is not denied that there are many authorities that decide that in cases like this, where one party repudiates the contract, the other may bring suit immediately against him for the value of the services actually rendered. But the true construction of all the authorities upon the subject, and by which they can be mostly, if not entirely, reconciled, is, I think, this, that where a contract is violated by one party, the other may immediately commence suit against him, alleging the services rendered and resting upon the contract implied by the law for the payment of their value, and the party who has violated the contract will not be permitted to set up the contract which he has violated, as that existing between the parties, instead of the one implied by the law. But this is a privilege which he may exercise or not, and may, if he thinks proper, wait until he was entitled to demand the compensation stipulated for under the contract, and then he might sue and recover the *qantum meruit* of the services rendered, as would be evidenced by the contract fixing the value of the entire services. If, however, he elects to disaffirm it also and bring suit immediately, he must disaffirm it *in toto*, and will not be permitted to say that it is void as to the time when he shall demand compensation, but valid as to the amount that he shall receive. (Morison v. Ives, 4 Sm. & Marsh. 652.)

II. The second assignment of error is based upon the action of the Court in overruling the appellant's exception to testimony offered by appellee and excluding that offered by appellant. If the views that I have presented upon the first assignment of errors, as to the amount of damages that the appellee was entitled to receive, and when the same were due, are correct, then most clearly was the first exception raised to appellee's testi-

mony well taken, for if the appellee was entitled at the time he brought this suit, to recover for the actual value of the work and labor performed (and such damage and loss as he had sustained by being thrown out of employment, if there had been any averment or proof of such loss) in the case as before the Court the testimony as to the amount of corn and cotton that the land would yield, and the value of said produce the next winter after the commencement of the suit, was not only immaterial, but calculated to mislead the jury as to the true amount of damages which appellee could claim ; and the case should therefore be reversed. (De Leon v. White, 9 Tex. R. 598.)

III.   The third assignment of error is made upon the charge of the Court.   As this has been expressly decided by this Court to be erroneous, I will only refer the Court to the case of Meade v. Rutledge, 11 Tex. R. 44.

IV.   The fourth error assigned is the refusal of the Court to grant a new trial.   The testimony shows that the appellee was discharged on the first of April and could, under the allegations of this petition, (there being no grounds for punitory damages alleged,) at most but be entitled to one-fourth of what he was to have received, under the contract, for the year's services. Assuming as correct the largest amount which the appellee's own witnesses testified the land would produce, and that it was worth the highest price placed upon it, the total value of the crop would only be $1000, to one-fifth of which appellee would have been entitled for the year's services, and hence, under the facts proved here, should have recovered but fifty dollars.

And if it should be contended that the overplus might have been awarded to compensate him for the loss that he might have sustained by being thrown out of employment, there should have been an averment of this sort.

*Reeves & Mills and J. M. Perry,* for appellee.

WHEELER, J. To have constituted the plea of a former judgment effectual as a bar, to a recovery in this case, it must have appeared, that the former judgment pleaded was a judgment upon the merits. (Foster v. Wells, 4 Tex. R. 101; 10 Pet. R. 298.) We think it sufficiently appears upon the face of the proceedings before the Justice, that the judgment was not rendered upon the merits. But it is sufficient to dispose of this ground of defence to the action, that it does not affirmatively appear, that the judgment was rendered upon a trial upon the merits. It was unnecessary for the plaintiff to resort to evidence *aliunde*, to prove that the judgment was not so rendered. But if it had been necessary, the testimony of the Justice, who tried the case, was admissible for that purpose.

The objection that the suit was prematurely brought, we do not think maintainable. If the contract were entire, and incapable of apportionment ; or if the plaintiff had brought his suit to recover upon the contract, the compensation which would have been due him for his services for the year, the institution of suit before the expiration of the year, would have been premature. But it has been decided by this Court, that such contracts as the present are not of that character ; that tender of performance is not equivalent to performance in such cases, for the purpose of fixing the measure of damages ; and that the true measure is, in general, the damage which the plaintiff has sustained by the breach of the contract. (Meade v. Rutledge, 11 Tex. R. 44.) From this doctrine it results that a right of action accrues immediately upon the breach of the contract, for such damages as have accrued from the breach. This suit was for damages generally for the breach of the contract.

There was no error in admitting evidence of the value of the contract. It was proper and necessary to ascertain its value, in order to estimate the damages occasioned by the breach of it. It is objected that the petition does not allege the damages sought, with sufficient specialty. This might have been a good ground of exception to the petition ; but was not a ground for rejecting the evidence, proposed to prove the damages claimed by the plaintiff in his petition.

It is further objected that there is error in the general charge of the Court. And it does appear that the charge was not in conformity to the law, as settled by this Court in the case of Meade v. Rutledge; which had not been reported, and doubtless was not known to the Court, or to counsel, engaged in the trial of this case. If counsel had asked of the Court a correct charge, which the Court had refused to give; or if the jury had been governed in their verdict by the error in the charge complained of, the judgment, on that account, must have been reversed. But the charge asked by counsel was equally objectionable as that given. It proposed to restrict the plaintiff's right to recover, to the value of his services during the time he was actually engaged in rendering them; whereas, he was entitled to recover, not only for the services actually rendered, but the damage he sustained by reason of the defendant's breach of his contract. And moreover, it appears that the jury did not find for the plaintiff upon the basis of the ruling complained of, that the plaintiff was entitled to recover the amount which would have been due him if he had performed the contract according to its terms; but a less sum, which must have been their estimate of the damages he sustained, by reason of the defendant's default in refusing to permit him to complete the services contracted for. This was conformable to the case made by the petition. And, though there may have been error in the charge, the finding of the jury appears to have been conformable to law and the evidence. The defendant, therefore, can have sustained no injury in consequence of the ruling complained of.

The evidence proposed by the defendant, which the Court excluded, was clearly inadmissible under the pleadings. It did not conduce in any degree, to support the defence set up in the answer, or to establish the truth of the matter pleaded as a justification of the defendant's act, in dismissing the plaintiff from his employment. It was calculated to surprise the plaintiff, by the introduction of matter of a character to prejudice the jury against him; and which he could not be supposed to be prepared to explain; but which, if he had been apprised the

defendant intended to rely upon it in his defence, he might have come prepared to repel or explain satisfactorily. Defendant appears to have acted in a harsh and arbitrary manner, in discharging the plaintiff, and without assigning any reason for his conduct.

We think the verdict well warranted by the evidence; and we see no reason to apprehend that any wrong or injustice has been done the defendant. The justice of the case appears to have been attained. And we see no error in the rulings of the Court, which has operated to the injury of the defendant; or which can be assigned by him as a ground for reversing the judgment. It is therefore affirmed.

Judgment affirmed.