## W. P. KING v. J. P. GRIFFIN.

Decided May 20, 1905.

**Lease Contract—Breach—Damages—Value of Prospective Crops.**

Where land was leased to plaintiff to be planted by him in crops, and through breach of the contract he was deprived of the use of the land, he could show, in an action for the damages, the value of the crops that might have been made by him on the land as a basis for estimating the damages. Overruling Lloyd v. Capps, 29 S. W. Rep., 505, and following Rogers v. McGuffey, 96 Texas, 565.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

*A. S. Dickinson,* for appellant.

*Abernathy & Abernathy,* for appellee.

RAINEY, CHIEF JUSTICE.—W. P. King sued to recover of J. P. Griffin damages for the alleged breach of a rental contract. Griffin demurred to the petition, which was sustained, and King failing to amend, the suit was dismissed, and this action of the court is assigned as error.

King alleged, in effect, that in October, 1904, he entered into a contract with Griffin by which Griffin was to lease to him for the year 1904 a certain tract of land of about 35 acres, 30 acres of which he was to cultivate in cotton and five acres in corn; that there was on said land a good house, barns, etc., that he was to use; that Griffin, without just cause or excuse, breached said contract by renting the land to another and placing him in possession of same, thereby depriving him, King, of the use thereof; that he would have raised on said land sixteen bales of cotton, three-fourths of which would have been reasonably worth $600, and have raised 250 bushels of corn, two-thirds of which would have been worth $85; that he was to pay Griffin one-fourth the cotton raised and one-third of the corn raised. It was further alleged that the use of the house, barn, etc., was worth $100 for the year; and plaintiff was able and willing to fulfill said contract as he had agreed to do. He further alleged that by reason of said breach he necessarily lost about thirty days, together with his wagon and team in hunting for other land, to plaintiff's damage $60. The total damage he alleged to be $845.

The special exception urged to the petition and sustained by the court was that King did not set out sufficient facts to show that he was entitled to recover for the value of the crops he alleges he would have made, etc. This being sustained, the court did not have jurisdiction of the remaining amount of damages alleged and the cause was dismissed.

So the only question for solution is, was the proper measure of damages alleged? In the case of Lloyd v. Capps, 29 S. W., 505, this court held, opinion by Justice Finley, that in this character of case a recovery could not be had for what might have been made had plaintiff been allowed to cultivate the land, as such was subject to too many contingencies. The measure there stated is, "In the absence of any special

damages flowing from the breach of the contract, and not having paid for the use of the land, plaintiff was only entitled to recover the difference in value of what he agreed to pay for the use of the land and that which the use of the land was worth. This would constitute the value of his contract. If no difference existed in what he agreed to pay, and what the use of the land was worth, he would only be entitled to nominal damages," citing numerous cases.

In the case of Rogers v. McGuffey, 96 Texas, 565, 7 Texas Ct. Rep., 564, this identical question was passed upon by our Supreme Court in answer to certified questions by the Court of Civil Appeals at San Antonio, and the effect of their holding is contrary to Lloyd v. Capps, supra. We understand from the Supreme Court's holding that proof of the value of the crops that might probably have been made on the land for the time specified can be shown as a basis for estimating damages. "It is true that the plaintiff is not necessarily entitled to recover as fully as if the contract had been performed, it often being necessary to make proper deductions in order to ascertain the true amount of his damages." The measure of damages usually applied is that that gives compensation for the loss actually sustained, and that measure which more nearly produces this result should be adopted.

It seems the Supreme Court does not regard the rule laid down in the Lloyd-Capps case as sufficiently comprehensive to allow compensation in cases like this, and while there is some uncertainty in arriving at the true damages sustained in attempting to show what probably might be raised on the land under a contract like the one under consideration, yet it comes nearer affording compensation for the loss actually sustained than the other. (Brincefield v. Allen, 25 Texas Civ. App., 258, 1 Texas Ct. Rep., 701; Rogers v. McGuffey, 8 Texas Ct. Rep., 164; Hassell v. Nutt, 14 Texas, 260.)

We, therefore, hold that the rule in Lloyd v. Capps, supra, is not applicable to this character of case, and in that respect it is overruled.

The trial court having erred in sustaining the exception to plaintiff's petition, the judgment is reversed and cause remanded.

*Reversed and remanded.*