### W. T. WAGGONER v. JOEL MOORE ET AL.

Decided February 16, 1907.

**1.—Landlord and Tenant—Breach of Contract—Measure of Damage.**

In a suit by a tenant against his landlord for a total breach of a rental contract the proper measure of damage is the reasonable market value of such portion of the crop belonging to the tenant as he would reasonably be expected to have raised upon the rented premises during the term, less what he might have earned after the breach of the contract, and the expenses of planting, cultivating, gathering and marketing the crop.

**2.—Same—Pleading.**

In a plea in reconvention for damages by a tenant against his landlord for breach of a rental contract, it is not necessary that the plea set forth the items of expense which would have been incurred in making the crop; it is sufficient if the plea allege the net value of the crops which the tenant reasonably expected to produce.

**3.—Practice—Pleading and Exception.**

It is not error to overrule an exception good in part and bad in part.

**4.—Same—Cross-Examination.**

Where the plaintiff's cause of action is an open account and the defendant formally admitted plaintiff's cause of action as set out in his petition but plead in reconvention it was not reversible error for the court to allow the defendant

on cross–examination of plaintiff to show, as a mere test of his memory, that he was mistaken in its accuracy and that he was a man of large possessions and the operator of many business affairs, the jury having found for the plaintiff the full amount of his account under a peremptory instruction of the court.

Appeal from the District Court of Archer County. Tried below before Hon. A. H. Carrigan.

*J. T. Montgomery,* for appellant.—When a landlord rents land to a tenant and agrees to make certain improvements or repairs and fails to comply with his contract to make such improvements and repairs, the measure of damages is not what the tenant could have made on the entire premises, but only the reasonable cost of making such repairs and improvements, or at most, the difference between the rental value of the land in the condition in which it was and what it would have been had such repairs and improvements been made.

When a tenant seeks to recover from a landlord damages for a breach of a rental contract, the value of the crops which he could have made, less the cost and expense of planting, cultivating and harvesting the same, it is incumbent upon him to specifically allege and show how much of said land he would have planted in each of the crops and the kind of crops, and the amount of the crops which would have been produced, and also all expense which would have been incurred in producing and caring for said crops, and thus by the facts alleged show the net value of the crops that would have been raised and as against a special exception it is not sufficient for the tenant simply to allege that he would have planted the land in crops and that the net value of the proceeds of such crops would have been a gross sum after deducting necessary expenses.    Pacific Express Company v. Lasker, 81 Texas, 83; International & G. N. Ry. v. Simcock, 81 Texas, 504; Fairchild v. Rogers, 32 Minn., 269; Watts v. Norfolk & W. Ry. Co., 23 L. R. A., 678.

The plaintiff for the purpose of obtaining the right to open and conclude in the introduction of the testimony and argument of the case, having admitted that the account sued on by the plaintiff was correct, it was error of the court to permit the defendant's counsel to show, or attempt to show, that defendants were entitled to credits on said account, which had not been plead, and the action of the court as shown in above assignment, was specially erroneous and prejudicial, in that the plaintiff was not familiar with the account sued on, it having been kept by others and the effect of the testimony was to induce the jury to believe that the account sued on was not correct and that the defendants were entitled to credit for crops which did not appear thereon.    Rule 31 for District Court.

The court erred in permitting the defendant's counsel, over the objection of the plaintiff, to prove by the plaintiff while on the stand as a witness in his own behalf, substantially the following facts:    That the plaintiff was a very wealthy man, and that he had a ranch consisting of about 525,000 acres, and that he had besides this land, 56,000 acres; said testimony being immaterial, and tended and evidently was intended to induce the jury on account of plaintiff's wealth, to decide against him. Jones on Evidence, sec. 157; Missouri P. Ry. Co. v. Lyde, 57 Texas,

505; City of Belton v. Lockett, 57 S. W., 687; Missouri, K. & T. v. Hannig, 91 Texas, 349; Trinity v. O'Brien, 18 Texas Civ. App., 690.

*L. H. Mathis,* for appellee.

· CONNER, CHIEF JUSTICE.—Omitting details unnecessary to an understanding of our conclusions, this suit was one by the appellant to recover upon an account, which at the date of the trial aggregated the sum of $1,712.07, for supplies furnished to appellee as his tenants. Appellees filed a formal admission of the plaintiff's cause of action as set out in his petition, but further pleaded in reconvention that plaintiff had rented to them for the year beginning October 1, 1904, five hundred acres of sod or turf land, and that by the terms of the rental contract he agreed to break the same for the defendants in time for them to plant it in the spring of 1905 in oats, cotton and other crops; that appellees were to so plant four hundred acres in oats and the remaining one hundred acres in cotton and feed crops, and were to cultivate, harvest and gather the same and pay plaintiff as rental for said land one-third of all of the oats, corn and feed stuffs raised and one-fourth of all of the cotton; that plaintiff had further agreed to furnish appellees a reasonably comfortable house in which to live, and to furnish them with provisions and supplies for themselves and their teams reasonably sufficient to enable them to cultivate and gather said crops, appellees to pay therefore the reasonable and customary value thereof out of their interest in said crops when harvested. Appellees further alleged that appellant disregarded his said contract and refused to break the land in time to plant it and refused to furnish a house as provided for in the contract and declined to furnish provisions, supplies and seed in amount sufficient to meet their needs; by reason of which they were unable to cultivate, plant and harvest any crops, but were forced during the month of May, 1905, to entirely abandon said land; that had appellant complied with his contract they could reasonably have expected to raise crops of the character specified of the net value of five thousand dollars, which would have been divided in the manner provided for in the rental contract.

Appellees prayed for damages in the sum of $3,000 for loss of said crops, less two hundred and fifty dollars, which they alleged they had earned after the breach of the contract. The case was tried by a jury which found for appellant the sum of $1,712.07, but further found for appellees against appellant on said plea in reconvention the sum of $1,713.85. Upon this verdict the court entered a judgment that appellant take nothing by his suit and that appellees recover against him the sum of $1.78 and all costs.

It is insisted in various forms and in numerous assignments that the court gave an erroneous measure of damages, but we think that the case of Rogers v. McGuffey, 74 S. W. Rep., 753, by our Supreme Court supports the court's charge on the subject. In effect the jury were charged that if they found the facts as alleged by appellees in their plea of reconvention, they would find for them the reasonable market value of two-thirds of all of the oats, corn and feed crops and three-fourths of all of the cotton which appellees would reasonably be expected to have raised upon the premises in controversy during the term of the lease,

deducting therefrom such amounts as appellees were shown to have earned, or by the use of reasonable diligence might have earned, by engaging in a similar or different business after the breach, and also the reasonable value of the seed necessary to have planted the leased premises and all expenses reasonably necessary in planting, cultivating, gathering and harvesting the crops, the charge particularly specifying the character of expense to be deducted. While the evidence was sharply conflicting, that of appellees undoubtedly supports the material averments of their plea in reconvention. The authority cited, in speaking of contracts like the one under consideration, says: "The parties entering into them stipulate for shares in the crops to be produced as the benefit to be derived from them. The owner of the land expects the share reserved to himself as a return for the cultivation of his land and his other outlay. The benefits expected by the other party are employment, and the stipulated return for his labor, and sometimes a home for the time. To deprive him of these benefits is to deprive him of that which in the very contract both parties to it contemplate he shall receive. It would seem to follow, necessarily, that his damages should be compensation for what he thus lost." And it was accordingly held that the probable results of the contract if executed—its value—constitutes the basis of the inquiry in cases of suit for the breach of such a contract.

It seems to us that it follows from the conclusions noted that appellant's special exceptions to the plea of reconvention were properly overruled, at least, that the action of the court in overruling them does not constitute reversible error. The plea alleged more than a partial breach of the contract. It charged a total failure on appellant's part to break the lands and such further failure in supplying necessaries as required entire abandonment on appellee's part, and while the plea failed to set forth the items of cost or expense that would have been incurred in planting, caring for, harvesting, threshing and selling the various crops, it did allege the net value of the crops appellees reasonably expected to produce. The net value of the crops was the material inquiry in measuring the damages, and it may well be doubted whether it was necessary in pleading their cause of action that such items be specified. These seem to be in the nature of mere evidence to be considered in the ascertainment of appellees' actual loss. But however this may be, we think the assignment raising this question, the second, must be overruled, because it is certainly not good as a whole. The assignment is to the effect that the plea in reconvention is insufficient "because it failed to allege specifically how much of said land would have been planted in oats, and how many oats could have probably been raised and the price for which they could have been sold, and the cost or expense that would have occurred in the planting, caring for, harvesting, threshing and selling the same." The plea alleges the number of acres of said land that would have been planted in oats, and the number of acres that would have been planted in other crops, and to this extent clearly the exception was not good and could, therefore, not have been sustained as a whole. The court was not required to select the good from the bad and to sustain the exception as to some items and to overrule it as to others. See Weatherford, Mineral Wells & Northwestern Ry. Co. v. Francis Granger, 85 Texas, 574.

We find no substantial merit in the objections to the testimony mentioned in the third and fourth assignments. The court peremptorily instructed the jury to find for appellant the amount of the account sued upon, and we think appellees were properly permitted on cross-examination of appellant to show, as a mere test of his memory, that he was mistaken in its accuracy and that he was a man of large possessions and the operator in many business affairs.

Believing that the court's charge, together with special charges given at appellant's request, fairly and sufficiently submitted the issues to the jury, and that the evidence supports their verdict, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.