RUPERT v. SWINDLE. (No. 8956.)

(Court of Civil Appeals of Texas. Ft. Worth. March 8, 1919. Rehearing Denied April 12, 1919.)

1. CUSTOMS AND USAGES ⬥10—RENTAL CONTRACT—CROPS AND AMOUNT OF RENTS.

In the absence of specific agreement with respect to the kind of crops that would be planted upon rented land, and the amount of rentals to be paid, the usual custom of the country determines such questions.

2. LANDLORD AND TENANT ⬥18(3)—LEASE BY BUYER—ASSENT—EVIDENCE.

Although there was no evidence of specific agreement relating to kind of crops and amount of rental, evidence *held* sufficient to sustain finding of contract, where the buyer of land inquired of the tenant what rentals he had been paying to the seller for the previous year, and,

on receiving the desired information, immediately told the tenant he might have the farm for another year, thus implying his assent to the rental on the same terms.

3. APPEAL AND ERROR ⬥931(3)—PRESUMPTION OF NECESSARY FINDING—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, the Court of Civil Appeals will presume a finding of the trial judge necessary to sustain the judgment.

4. EVIDENCE ⬥317(4) — HEARSAY — RENTAL CONTRACT.

In trespass to try title by the buyer of land against a tenant of the seller, since the tenant's claim of right of possession was predicated in part on his prior rental contract with the seller, of which the buyer had notice before he purchased, testimony to prove the fact was admissible over the buyer's objection that he was not present when the contract was made, so that the testimony was hearsay as to him.

5. LANDLORD AND TENANT ⬥180(4)—WRONGFUL OUSTER—MEASURE OF DAMAGES.

In trespass to try title by buyer of land to recover it from seller's tenant, latter, on his cross-action for wrongful ouster, was entitled to recover as damages reasonable market value of his part of the crops which it was reasonably probable he would have raised during the year, less expense of raising and harvesting them, and such sums as he and the dependent members of his family could have earned by engaging in other business.

6. LANDLORD AND TENANT ⬥180(3)—WRONGFUL OUSTER — DAMAGES — POSSIBILITY OF GROWING CROPS — SUFFICIENCY OF EVIDENCE.

In trespass to try title by buyer of land against seller's tenant, latter bringing cross-action for wrongful ouster, evidence that tenant, besides himself and wife, had one son and daughter, both of age, all working on the farm, also two teams and farm implements, *held* to warrant a finding he could have grown a crop on the farm with practically no outlay of money.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by J. R. Rupert against C. R. Swindle. From judgment for defendant on his cross-action, plaintiff appeals. Affirmed.

John W. Pope and D. W. Bowser, both of Dallas, for appellant.

A. C. Heath and W. C. Prewitt, both of Ft. Worth, for appellee.

DUNKLIN, J. C. R. Swindle rented a farm from C. R. Rea for the year 1915. During that year Rea sold the property to J. R. Rupert, who, on January 4, 1916, instituted this suit against Swindle in the form of trespass to try title to recover the farm from Swindle, who was still in possession of it, holding the same under a claim of tenancy. Contemporaneously with the institution of the suit Rupert sued out a writ of sequestration, under which writ Swindle was ousted

─────────────────────────────────────────────
⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of possession. Swindle filed a cross-action, in which he sought damages against Rupert for wrongfully ousting him of possession of the farm, and prayed for judgment also against the sureties upon the sequestration bond. Plaintiff recovered a judgment for title to the property, and Swindle, upon his cross-action, recovered a judgment against him and the sureties upon the sequestration bond for the sum of $1,000, from which latter judgment Rupert has prosecuted this appeal.

One of the pleas urged by Swindle was that during the year 1915, and prior to the sale of the property by Rea to Rupert, he had entered into a contract with Rea for the rental of the premises for the year 1916, and that when Rupert purchased the farm from Rea he had notice of that contract, and purchased the farm subject to Swindle's right of tenancy for the year 1916. In answer to special issues, the jury found that Swindle did rent the property from Rea for the year 1916, as alleged, and that Rupert had notice of such contract "some time before September 7, 1915." The jury also further found, as pleaded by Swindle, that after Rupert learned of Swindle's contract with Rea for the rental of the farm for the year 1916, he "agreed to, and acquiesced in" and "ratified," the same, and that Rupert himself entered into a contract with Swindle by the terms of which he expressly rented the farm to Swindle for that year.

[1, 2] By different assignments of error appellant contends that the evidence was insufficient to sustain the finding by the jury that Rupert expressly made any contract of rental, or in any manner ratified the contract which the jury found Rea had made with Swindle to rent to the latter the farm in controversy for the year 1916. We are of the opinion that the evidence was sufficient to sustain the finding of an express contract of rental between Rupert and Swindle. While it is true that the evidence did not show any specific agreement between the parties with respect to the kind of crops that would be planted upon the land, nor the amount of rentals that would be paid therefor by Swindle, but, in the absence of such testimony, the usual custom of the country would determine such questions, and, besides, according to Swindle's testimony, Rupert inquired of him what rentals he had been paying to Rea for the previous year, and, upon receiving the information desired, immediately told Swindle that he might have the farm for another year, thus implying his assent to the rental upon the same terms.

The authorities cited by appellant, announcing the necessary elements of a ratification by a principal of an unauthorized act of an agent, have no application to any of the issues in this case. That term, used in the special issues submitted to the jury, was used to express the same meaning of the further language used in the same issue of whether or not Rupert "agreed to and acquiesced in" the prior contract with Rea, and the finding of the jury in answer to that issue cannot reasonably be construed as having any other meaning than that Rupert agreed with Swindle that he might have the use of the farm for the year 1916, under the terms of the lease which he had already made therefor with Rea.

We are of opinion further that the evidence was sufficient to support the finding of the alleged contract with Rea for the rental of the farm for the year in controversy.

[3] Appellant makes no contention that the finding of the jury, to the effect that sometime prior to September 7, 1915, Rupert had notice of Rea's contract with Swindle to lease him the land for the year in controversy, was sufficient to sustain Swindle's plea that such notice antedated Rupert's purchase from Rea, in view of the fact that the contract for such purchase was in writing and bears date of June 7, 1915. There was testimony sufficient to show that such notice was conveyed to Rupert prior to the date of that instrument, and if it were necessary, in order to sustain the judgment, we would presume a finding by the trial judge to that effect. Article 1985, V. S. Tex. Civ. Stats.

[4] Since Swindle's claim of right of possession was predicated in part upon his prior rental contract with Rea, of which Rupert had notice before he purchased the farm, there was no error in requiring a finding by the jury of whether or not such a contract was, in fact, made, and in admitting testimony to prove that fact, over the objection urged by Rupert that he was not present when the contract was made, and therefore the testimony was hearsay as to him.

[5] The jury found that defendant, together with members of his family dependent upon him, by engaging in other business than the cultivation of the farm, could have earned during the year 1916, $1,000, but that, notwithstanding that fact, the defendant had been damaged in the sum of $1,000 by being wrongfully ousted of possession of the farm. The court instructed the jury that the amount of damages sustained by Swindle would be the reasonable market value of his part of the crops which it was reasonably probable he would have raised on the farm during the year, less the expense of raising and harvesting them, and less such sums of money as defendant and the dependent members of his family could have earned during the same year by engaging in other business. This was a correct charge upon the measure of the defendant's damages, and we think there was evidence sufficient to support the jury's finding upon that issue.

[6] The evidence shows that besides himself and wife defendant Swindle had one son

and one daughter, both of age, and that all of them worked upon the farm. He also had two teams and farm implements, and such facts, we think, would have warranted a finding that defendant could have grown a crop on the farm with practically no outlay of money. Rogers v. McGuffey, 96 Tex. 565, 74 S. W. 753; Waggoner v. Moore, 45 Tex. Civ. App. 308, 101 S. W. 1058.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.