**MATTHEWS v. FOSTER.    (No. 6691.)**

(Court of Civil Appeals of Texas.    San Antonio.    Feb. 15, 1922.)

**1. Appeal and error ⬅756 — Typewritten briefs must be distinct.**

The rule that briefs not exceeding 15 pages may be typewritten does not permit the filing of briefs written in type so indistinct as to almost defy ascertainment of the contents.

**2. Landlord and tenant ⬅48(2)—Measure of damages for breach of contract to furnish tenant with money to make crop.**

In an action by cropper against owner for breach of contract to advance a sufficient amount of money to make a crop and buy groceries and tools and implements and pay irrigation charges and taxes, the measure of damages was the value of cropper's share of the crop which could have been produced, less further necessary expenditures, not including the labor, to mature and gather the crop, and less such sums as plaintiff may have earned in other employment.

Appeal from Hidalgo County Court; George P. Brown, Judge.

Suit by G. M. Foster against W. F. Matthews. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

John C. Myrick, of Harlingen, for appellant.

Flowers & Cameron, of Mercedes, for appellee.

FLY, C. J. This is a suit for $954.05, brought by appellee against appellant, and, on a trial by jury, resulting in a verdict and judgment for appellee in the sum of $550.

[1] Appellant has filed a transcript and briefs in this court, without the style of the cause being given on the covers or within the record. Not only that, but the briefs are written in blurred and almost illegible type, rendering the consideration of them both difficult and annoying. The Supreme Court has made a rule that briefs of not exceeding 15 pages may be typewritten, but there is no rule permitting the filing of briefs written in type so indistinct as to almost defy an ascertainment of the contents. The rules, old or new, are given scant attention in the preparation of the briefs, but no objection is urged to them by appellee.

This is a very peculiar case, founded, as it is, on a verbal contract made in Oklahoma, between two inhabitants of that state, in regard to the rent of a tract of land lying in Cameron county, Tex., and yet upon an account based on the breach of a contract entered into in Oklahoma, but breached in Cameron county; the Oklahoma man is sued in Hidalgo county, where it seems that the appellee now resides. In his wanderings in Texas, he seems to have carried the suit with him, and appellant quite complacently made no objection to his conveying it around with his other chattels. Not only is the case unique in the respects named; but it is singular that appellee does not claim in his petition that any crops ever came up on the land, or that by his cultivation they were given any start towards maturity, or that they had any value, or probably ever would have had any, no matter how much money may have been furnished. These were trivial matters, however, for judge and jury without a single thought gave a good round sum against the absent Oklahoman.

[2] The gist of the brief of appellant is that the court erred in failing and refusing

to sustain a general demurrer and special exceptions to the petition. It was alleged in the petition that appellant and appellee, on or about October 9, 1920, entered into a certain verbal contract whereby appellant rented to appellee a certain tract of land in Cameron county, Tex., near Harlingen; appellant agreeing to furnish appellee with a sufficient amount of money to make a crop on said land, and buy groceries, tools, and implements, and pay irrigation charges and taxes, and appellee agreeing to furnish all labor "and to cultivate the said land in a husbandlike manner, and to give appellant one-third of all the crops produced on said land, and to repay to appellant all advances made to appellee." Appellee alleged that he and appellant lived in Oklahoma, and that the verbal contract was made in that state, and that in pursuance of the contract appellee removed with his family to the land of appellant in Texas, and proceeded to cultivate the land for about five months, when he quit because appellant failed to furnish sufficient money to make the crop. He does not attempt to show what crops were planted, or what would probably have been produced if the money had been furnished, nor is the value of any crops indicated; on the other hand, appellee sets out an account for railroad tickets in the sum of $140, a span of mules, $175, and various sums for farming implements, seed, and labor. This account forms no measure of damages for a breach of the contract, and no measure is indicated in the petition.

The court evidently could find no measure of damages to guide the jury, for he instructed them:

"As to the measure of damages in this cause, you are instructed that, in case of a breach of the contract by the defendant, the plaintiff would be entitled to recover such damage as is shown to be the direct and proximate result of such breach, if any."

The charge was safe from any attack for errors of commission, and its failure to commit itself to any measure of damage was its best defense; but it left the jury, as did the petition, without rudder or compass to guide them in rendering a just and righteous verdict. The jury must have concluded that the crop would have been immense, if it was to conform to an expenditure on it by the 1st of April of the crop year of $954.05. We are not informed, however, upon what expenditures, whether for railroad fare, mules, cultivators, iron wheel wagon, harrow, planter, plows, or labor for setting out cabbage, the verdict is based.

There is not only no allegation as to the value of the crops that would have been produced, but also an utter failure to show what appellee earned after he left the land of appellant. The measure of damages in such cases is two-thirds of the value of the crops which would have been produced less further necessary expenditures not including the labor of appellee to mature and gather the crops, and less such sums as appellee may have earned in other employment. Rogers v. McGuffey, 96 Tex. 565, 74 S. W. 753; Crews v. Cortez, 102 Tex. 111, 113 S. W. 523, 38 L. R. A. (N. S.) 713; Bost v. McCrea (Tex. Civ. App.) 172 S. W. 561, writ of error refused; Lott v. Ballew (Tex. Civ. App.) 198 S. W. 645; Stewart v. Patterson (Tex. Civ. App.) 204 S. W. 768; Lamar v. Hildreth (Tex. Civ. App.) 209 S. W. 167; Smith v. Roberts (Tex. Civ. App.) 218 S. W. 30; Bankers' Trust Co. v. Schulze (Tex. Civ. App.) 220 S. W. 570. In other words, as said in Crews v. Cortez, herein cited:

"The rights of the parties are founded on the contract, and the wrong done is compensated for when the injured party is allowed the full value which he would have produced, less the expense of which he has been relieved."

The judgment will be reversed, and the cause remanded.

