Appellant, Ed W. Drinkard, instituted this suit on January 1, 1925, in form of trespass to try title to recover 88 acres of land from appellee, J. P. Anderton. Appellee had occupied the premises sued for as a tenant of appellant during the year 1924, and claimed a rental contract thereon for the year 1925. Appellant had theretofore demanded possession of said premises, and appellee had refused to surrender the same. Appellant, on January 2, 1925, sued out a writ of sequestration, and had the same executed and appellee evicted from said premises. Appellee was unable to give a replevy bond. He secured another farm in the vicinity, to which he moved, and which he was occupying and cultivating at the time of the trial of this case. This farm was known as the Rowell place. It was not as large as as the Drinkard farm, and the soil was inferior and less productive. He answered herein, and by cross-action alleged his rental contract for the year 1925, breach thereof by his eviction under said writ of sequestration, and asked for both actual and exemplary damages. There was a trial before a jury on March 13, 1925. The court, upon the verdict returned by the jury, entered judgment in favor of appellant against appellee for the title and possession of the land sued for, and against appellant in favor of appellee on his cross-action for damages in the sum of $847.48. Said judgment is presented for review by this appeal.
Appellant contends that the evidence is insufficient to show a valid and enforceable contract between appellant and appellee for the renting of the premises sued for for the year 1925. Appellee occupied the premises involved in this suit during the year 1923 as a tenant under Mrs. A. Drinkard, who then owned the same. He paid as rent one-fourth of the cotton and one-third of the other crops raised. These were the customary terms of rental of farms in that neighborhood. Some time during the year 1923, appellee rented said premises for the year 1924. This contract was made between appellee and Levi Drinkard, agent for the owner. Thereafter Mrs. Drinkard conveyed said land to appellant. Levi Drinkard then introduced appellant to appellee as his new landlord, and appellant confirmed the rental contract for the year 1924. Appellee testified in that connection that appellant assured him that he could stay on the place as long as he worked it faithfully and paid the rent, and that, when he wanted the place, he would give him ample notice. Appellee further testified that in May, 1924, appellant came to the farm and arranged for appellee to do some work in the way of improving the same, and that on that occasion he asked appellant if he was going to let him stay there in 1925, and that appellant said, "Yes." He further testified that he had no other conversation with appellant about renting the place. That this identical language was used by appellee and appellant, respectively, was corroborated by other witnesses. Nothing more specific as to terms and conditions was shown. Appellant denied that any such question was asked on that occasion, and that any such answer was made thereto by him. The jury found that appellant promised and agreed with appellee to rent the land in question to him for the year 1925.
The gist of appellant's argument on this contention is that, in the absence of evidence of a specific agreement with reference to the rental to be paid by appellee for the use of the land for said year, there was no binding or enforceable contract shown. Appellee was in possession of the premises, occupying and cultivating the same on the "third and fourth," which were the customary terms of rental for farm lands in that neighborhood. Neither party in the conversation testified to by appellee raised any question with reference to other or different terms for the coming year. As a general rule, a tenant holding over with the consent of the landlord is presumed to hold on the same terms as stipulated in the original contract, and the terms of such contract with reference to the amount of rent and the time and manner of paying the same apply. 16 R.C.L. p. 1161, § 682. The facts of this case on this issue are very like the facts in the case of Rupert v. Swindle (Tex.Civ.App.)212 S.W. 671, 672. We quote from the opinion of the court in that case as follows:
"We are of the opinion that the evidence was sufficient to sustain the finding of an express contract of rental between Rupert and Swindle. While it is true that the evidence did not show any specific agreement between the parties with respect to the kind of crops that would be planted upon the land, nor the amount of rentals that would be paid therefor by Swindle, but, in the absence of such testimony, the usual custom of the country would determine such questions, and besides, according to Swindle's testimony. Rupert inquired of him what rentals he had been paying to Rea for the previous year, and, upon receiving the information desired, immediately told Swindle that he might *Page 1078 
have the farm for another year, thus implying his assent to the rental upon the same terms."
Appellant's said contention is overruled.
Appellant's complains of the measure of damages submitted by the court in his charge to the jury. Said charge was substantially as follows:
"If you find for the defendant, Anderton, on this issue, the measure of his actual damages, would be the market value at this time of three-fourths of the cotton which defendant would be reasonably expected to raise upon said premises during the year 1925 and the market value of two-thirds of the corn and grain, sorghum, and hay which defendant would be reasonably expected to raise on said premises during said year, * * * less the cost of making, gathering, and marketing said crop, and also less such amount as defendant would be reasonably expected to earn or by the use of reasonable diligence he might earn by planting and cultivating similar crops on the Rowell farm occupied by him during said year."
Appellant seasonably objected to said charge on various grounds, one of which was that the market value at the time of trial (March 13th) of the crops which appellee would be reasonably expected to raise on the rented premises during said year was not the proper measure of damage.
Where there is a breach of a contract for rental of land "on the halves" and an eviction of the tenant from the rented premises, our Supreme Court has held that the tenant's damage is to be ascertained by finding the value of his contract to him, or, in other words, the pecuniary benefits which would have accrued to him had he been allowed to fully perform it. That court has further held that, where the tenant bases his claim for damages on the value of his stipulated share of the crops which he might be reasonably expected to have raised on the rented premises, the proper measure of his damage is such value, less all necessary expenses which he might be reasonably expected to have incurred in planting, cultivating, gathering, and marketing such crops, and less such further sum as he may be reasonably expected, in the exercise of ordinary diligence, to realize by otherwise employing his labor and the labor of the members of his family which he would have employed on such crops. Crews v. Cortez, 113 S.W. 533, 102 Tex. 111, 116, 118, 38 L.R.A. (N. S.) 713; Rogers v. McGuffey, 74 S.W. 753, 96 Tex. 565, 567. The rule so announced by the Supreme Court has been followed and applied by the Courts of Civil Appeals in such cases. Brooks v. Davis, 148 S.W. 1107, 1108; Smith v. Milam, 143 S.W. 293; Bost v. McCrea, 172 S.W. 561, 564; Brincefield v. Allen, 60 S.W. 1010, 25 Tex. Civ, App. 258. Such rule has also been applied by the Courts of Civil Appeals in cases where the renting was on the "third and fourth," as in this case. Waggoner v. Moore, 101 S.W. 1058, 1059, 45 Tex. Civ. App. 308 (writ refused); Matthews v. Foster, 238 S.W. 317, 318; Rupert v. Swindle, supra; Lamar v. Hildreth, 209 S.W. 167 (writ refused); Springer v. Riley, 136 S.W. 577, 579; King v. Griffin, 87 S.W. 844, 39 Tex. Civ. App. 497; Lott v. Ballew, 198 S.W. 645. The market value of appellee's share of the crops to be grown on the rented premises during the year was a major element in determining the amount of his damages. Such value would not ordinarily have been realized until his crops were matured and gathered. In the case of Gulf, Colorado Santa Fé Ry. Co. v. McGowan, 11 S.W. 336, 337, 73 Tex. 355, 362, the plaintiff McGowan sued for the value of growing crops which he alleged had been destroyed as a result of negligence on the part of the railway company. We quote from the opinion of the court in that case as follows:
"The crops were destroyed while growing, and before they had matured. As part of his evidence to establish their value at the time and place they were destroyed, plaintiff was permitted to prove the value of corn and potatoes of that year's crop in the fall after they had matured and were ready for market. We think the evidence was properly admitted. The only correct criterion for ascertaining the value of a growing crop at any period of its existence is to prove what that character of crop was worth at or near the place where it was grown when matured, and to make proper estimates and allowances from ascertained or ascertainable facts for the contingencies and expenses attending its further cultivation and care." (Italics ours.)
See, also, I. G. N. R. Co. v. Pape, 11 S.W. 526, 73 Tex. 501, 503; G. H. S. A. Ry. Co. v. Borsky, 21 S.W. 1011, 1012,2 Tex. Civ. App. 545; H. T. C. R. Co. v. Wright (Tex.Civ.App.)195 S.W. 605, 606; Bowman v. Raley (Tex.Civ.App.) 210 S.W. 723, 724; Southwestern Portland Cement Co. v. Kezer (Tex.Civ.App.) 174 S.W. 661, 669; Freeman v. Field (Tex.Civ.App.) 135 S.W. 1073, 1075; Smith v. Roberts (Tex.Civ.App.) 218 S.W. 27, 30; Shotwell v. Crier (Tex.Civ.App.)216 S.W. 262, 263.
While most of the cases hereinbefore cited on the measure of damages do not state in specific terms that the value of the prospective crops should be determined as of the date of maturity, we think such rule may be fairly implied from the language used therein. Some of them, however, do expressly recognize such rule. The Court of Civil Appeals for the Seventh District, in the case of Lott v. Ballew, supra, so held. We quote from the opinion in that case as follows:
"It seems to us the proof should first have shown the probable yield and the value thereof after it was gathered ready for market."
See, also, Williams v. Gardner (Tex.Civ.App.) 215 S.W. 981, 983, Brincefield v. Allen, supra, and Lamar v. Hildreth, supra. It it true the probable value of appellee's interest in such prospective crops was not, and *Page 1079 
could not have been at the time of the trial, proved with certainty. There was testimony, however, showing the price of such products at the time of trial and the average price thereof for several years immediately preceding. In addition thereto, on cross-examination, the prices paid in several specific sales were shown. From such evidence as a basis, the jury would have been authorized to estimate the probable value of such crops at maturity. The probable price of such prospective crops at maturity was only one element involved in the proper assessment of appellee's damages. When his contract was breached as found by the jury, his cause of action accrued at once, and he was not required to postpone the trial of his cause until the amount of his prospective crops could be estimated with greater certainty and the market price definitely ascertained. Lamar v. Hildreth, supra; Hassell v. Nutt, 14 Tex. 260, 261, 265. The court erred in instructing the Jury, over the objection of appellant, to estimate the value of the crops appellee would be reasonably expected to raise on the rented premises as of the date of trial.
Appellant complains of the action of the court in submitting the issue of exemplary damages, and as a basis for such complaint contends that there was no evidence authorizing the jury to find that he acted wrongfully, maliciously, and without probable cause in suing out the writ of sequestration. Appellee contended that appellant had rented the premises to him for the year 1925, and supported such contention by his own testimony and by the testimony of several other witnesses. Appellant in his testimony denied such rental contract. This issue was submitted to the jury and decided against appellant. The gist of appellee's cause of action was the wrongful breach of the rental contract by forcible eviction from the rented premises. The sequestration proceedings were the means by which the eviction was accomplished. If appellant sued out such sequestration, knowing he was not entitled to the possession of the premises, such action Justified the submission of the issues of malice and want of probable cause as a basis for awarding exemplary damages. Wood v. Ingram (Tex.Civ.App.) 275 S.W. 397, 401, and authorities there cited.
Appellant complains of the action of the court in admitting in evidence, over his objection, testimony by appellee that his eviction from the rented premises was very humiliating to his family. Appellee's family, at the time of the eviction, was shown to consist of four minor children. Appellee could not recover damages for any humiliation or mental suffering endured by them as a result of such eviction. T. 
P. R. Co. v. Malone, 38 S.W. 538, 15 Tex. Civ. App. 56 (writ refused); St. L. S.W. Ry. Co. v. Gregory (Tex.Civ.App.) 73 S.W. 28; St. L. S.W. Ry. Co. v. Kirby (Tex.Civ.App.) 146 S.W. 1005, 1006.
The judgment of the trial court is reversed, and the cause remanded for another trial. *Page 1119