## DALLAS JOINT STOCK LAND BANK v. RUTHERFORD.

### No. 1914.

Court of Civil Appeals of Texas. Waco.
April 14, 1938.

Rehearing Denied May 5, 1938.

was made September 1, 1931, and appellant became the purchaser thereat. The validity of such sale was contested in the courts. Appellant recovered final judgment for said land on February 14, 1934. For some reason not clearly shown, the east 56-acre tract involved herein had been surrendered to appellant prior to the year 1933, and was cultivated by appellee Arthur Rutherford during said year under the circumstances hereinafter recited. Apparently he did not cultivate the west 56-acre tract at any time. He was not shown to have ever been in actual possession nor to have ever asserted or claimed any right to the possession thereof. Appellee was the son of G. G. and Mary Rutherford. He was made a party to the aforesaid litigation in February, 1934, but was dismissed from the same when it was called for trial. Appellee claimed to have rented said east tract for the year 1934 in October of the preceding year. He continued in possession thereof, prepared the entire tract for planting, and had actually planted 25 acres thereof in cotton at the time of the institution of this suit. The testimony on the issue of tenancy will be hereinafter discussed. No demand upon appellee for possession of said premises was shown. Appellant, in the latter part of March or early in April, 1934, filed a possessory suit against appellee in the justice court for the recovery of said tract, but when appellee appeared to contest such suit, its attorney dismissed the same, stating in that connection: "We are tired fooling with this case and will just file a trespass to try title suit in the district court." Appellant filed this suit in trespass to try title on April 11, 1934, and at the same time filed an affidavit for sequestration, in which it averred, in substance, that it was the owner of said land and entitled to the possession thereof, and that it feared that the defendant would make use of his possession to injure said property and waste and convert to his own use the fruits and revenues produced thereby. Appellant filed sequestration bond as required by law. No recovery thereon is sought in this case. Writ of sequestration was duly issued and appellee dispossessed the next day.

Appellee pleaded not guilty, and filed a cross-action in which he alleged that he rented said premises from appellant for the year 1933, and that in October of said year he again rented the same from appellant for the year 1934. He alleged in the alternative that he held over after the expiration of his tenancy for the year 1933 with the consent

McCombs, Andress & Johnson, of Dallas, for appellant.

W. V. Dunnam, of Waco, and Lynn B. Griffith, of Waxahachie, for appellee.

GALLAGHER, Chief Justice.

A brief statement of the facts out of which this litigation arose will aid in understanding the issues involved. The Dallas Joint Stock Land Bank, appellant herein, held a deed of trust given by G. G. Rutherford and wife, Mary Rutherford, on two tracts of land aggregating 112 acres, which were the same tracts sued for herein. Appellant caused said land to be sold by the trustee in satisfaction of its debt. Said sale

of appellant; that he had begun the cultivation of said land for and during the year 1934 and claimed an implied rental contract for said year. Appellee also alleged that appellant instituted this suit without probable cause to believe that it was entitled to possession of said premises; that it was actuated by malice in doing so; and that he had suffered actual damages as a result thereof. He also alleged that the grounds stated in the affidavit for sequestration were untrue; that said affidavit was made and the writ of sequestration sued out maliciously and without probable cause to believe that appellant was entitled to possession of said premises or that appellee would injure the same or convert to his own use the fruits and revenues thereof; and that he had suffered actual damages as a result of the levy of such writ. Appellee also sought to recover exemplary damages. While appellee's cross-action embraced elements of an action for the malicious prosecution of a civil suit involving interference with property of the defendant, as well as elements of wrongful sequestration, the former phase of the case has been voluntarily abandoned by appellee and a recovery of $200 awarded him by the trial court in that connection remitted. The material issues for consideration by this court in the disposition of this appeal therefore arise out of the issuance and levy of the writ of sequestration.

The case was submitted to a jury on special issues and the findings in response thereto material to the disposition of this appeal can be more conveniently considered in groups.

The answers of the jury to special issues 1, 2, and 4 were, in substance, that appellant's attorney, Charles McCombs, about October, 1933, rented the land to appellee for the year 1934; that in doing so said attorney acted as the authorized agent of appellant; and that appellee, as tenant of the land during the year 1933, held over into the year 1934 and cultivated the same with permission of appellant.

The answers of the jury to special issues 7, 8, 9, and 10 were, in substance, that that portion of the affidavit for sequestration, wherein it was stated that appellant feared that appellee would make use of his possession to injure said property and waste and convert to his own use the fruits and revenues thereof, was untrue; that in causing the issuance and service of the writ of sequestration appellant acted without probable cause and with malice; and that appellee

sustained actual damages as a result of being dispossessed of said premises in the sum of $550.

The answers of the jury to special issues 13 and 14 were, in substance, that exemplary damages should be allowed in this case in the sum of $500.

The trial having been held long after the end of the year 1934, the court entered judgment in favor of appellant for the recovery of the land, but directed that no writ of possession issue because the same was then in the possession of appellant. The court also rendered judgment in favor of appellee against appellant for the sum of $750 actual and $500 exemplary damages in accordance with the findings of the jury, of which sum $200 has been remitted by appellee as hereinbefore stated.

### Opinion.

■ Appellant contends that the finding of the jury that McCombs, as the authorized agent for appellant, rented the land to appellee for the year 1934, is without sufficient support in the evidence. Appellant introduced in evidence a written resolution of its board of directors, passed in 1932, authorizing its president, H. W. Ferguson, and its vice president "to rent, lease for mineral development or sell" any and all of its lands. There was nothing in said resolution indicating that the power so conferred was exclusive. Neither was there anything therein indicating that personal contact between a tenant and one or the other of said officers must be affirmatively shown before a contract of tenancy could be held valid. The testimony showed affirmatively that appellant owned farms in various parts of the state. It must therefore have necessarily known the essential features of farm tenancy. It is a matter of common knowledge that such tenancies are ordinarily for a particular calendar year; that when a tenant knows he is to be allowed to cultivate a farm for the coming year, he frequently plows the land and even plants crops of small grain the year before; and also that in event of a good crop of cotton, picking of the same is sometimes not completed until near the end of the year.

Appellant had, as hereinbefore stated, sued G. G. and Mary Rutherford for title and possession of the entire 112 acre tract, but they had for some reason relinquished possession of the east 56 acres to it. Appellee desired to cultivate the latter tract during the year 1933. He went to appellant's office in Dallas for the purpose of renting the

same, and from there to Mr. McCombs' office, where he stated his purpose and was asked by Mr. McCombs whether Mr. Ferguson had sent him, to which he replied that he had. Since the ownership of the land was in litigation between appellant and appellee's parents, ordinary prudence would suggest that the renting of the same to appellee should be considered from a legal standpoint and that the attorney conducting such litigation should determine the advisability of doing so. Mr. McCombs questioned appellee about his equipment for making a crop, and apparently satisfied on that score, told him to go ahead and work the land. Appellee testified that he did begin work in January or the early part of February of that year. Appellant, acting by its assistant secretary, thereafter joined appellee in the execution of a landlord-tenant cotton contract with the government. This contract provided that all government checks should be payable to appellant and appellee jointly. It is conceded that the relations between appellant as landlord and appellee as tenant during the year 1933 were harmonious and satisfactory. In October of that year the same general situation existed, at which time appellee approached Mr. McCombs and informed him, in substance, that he wished to cultivate the land again during the year 1934, and was told to go ahead and do so. Appellee, acting on such direction, as soon as his cotton was gathered, started to prepare the land for the next year's crop. Mr. McCombs testified as a witness and did not deny authority to act for appellant in either instance. Mr. Ferguson did not testify.

 That oral contracts for a year's tenancy are valid and may be made to commence in future are propositions that do not need the support of cited authorities. Such contract can of course be proved by circumstantial evidence. Jackson v. Walls, Tex.Civ.App., 187 S.W. 676, pars. 4 and 5, writ refused; Sargent v. Barnes, Tex.Civ. App., 159 S.W. 366, 373, par. 3. The prompt and unqualified recognition by appellant of appellee's tenancy for 1933 not only established the validity of the same, but was, under the authorities above cited, a circumstance tending strongly to show authority in Mr. McCombs, who was in charge of the litigation concerning the whole tract, to make contracts for the rental of the particular acreage relinquished to it and which he rented to appellee. There was nothing to indicate that such authority, if it existed, was limited to the year 1933. Such author-

ity, once shown, would be presumed to continue at least until the end of the litigation, which had not terminated in October, 1933, when, according to the weight of affirmative testimony, Mr. McCombs told appellee to cultivate the land for the year 1934. See, in this connection, 17 Tex.Jur. p. 255, § 62. A more specific statement of the terms and conditions of the rental contract for 1934 was not necessary. Drinkard v. Anderton, Tex.Civ.App., 280 S.W. 1076, par. 2; Rupert v. Swindle, Tex.Civ.App., 212 S.W. 671, 672, pars. 1 and 2. The findings of the jury that Mr. McCombs had authority to rent the land, and that he did rent it to appellee for the year 1934, are sufficiently supported by the evidence when considered as a whole.

 When a writ of sequestration has been wrongfully sued out, the defendant in such proceeding is entitled to recover of the plaintiff therein actual damages, if any, sustained as the result of the levy thereof. 38 Tex.Jur. p. 249, § 87. A writ of sequestration is wrongfully sued out when the plaintiff in such proceeding is not entitled thereto. 38 Tex.Jur. p. 252, § 90; 27 Tex.Jur. p. 288, § 164. Appellant alleged in the affidavit for the writ in this case that it was the owner of the premises and entitled to the possession thereof. This was a necessary allegation. 38 Tex.Jur. p. 172, § 14. Such right of possession was contested by appellee. Certainly, appellant was not entitled to possession of the premises if appellee was in possession of the same by virtue of an unexpired rental contract, either express or implied. As hereinbefore recited, the undisputed testimony showed full recognition by appellant of appellee's tenancy for the year 1933. Appellee remained in possession and engaged in the active cultivation of the land until he was dispossessed by service of the writ of sequestration on April 12, 1934. The burden was on appellant to show that appellee's possession was wrongful. 27 Tex.Jur. p. 321, § 188, and authorities cited in note 11; McKee v. Garner, Tex. Civ.App., 168 S.W. 1031, par. 2, writ refused. When appellee held possession after the expiration of the year 1933, appellant, if it denied the validity of the express contract of tenancy made by its attorney McCombs for the year 1934, was required to elect whether it would treat him as a trespasser or as a tenant. 35 C.J. p. 1030, § 168. Appellant contends that its action in making appellee a party to its suit against his parents for the entire 112 acres was such an election. Such action was not taken until

1164

appellee· had been permitted to remain in possession of the premises in controversy during approximately a month and a half of·said year and to expend time and labor in preparing for another crop. The particular 56 acres in controversy here had been surrendered to appellant by G. G. and Mary Rutherford more than a year before. Other children of said parties not in any way connected with the use and occupancy of such tract were also made parties to said suit. Nothing is shown to have occurred between appellant and appellee at the time he was dismissed from said suit even tending to indicate that appellant was dissatisfied with him as a tenant for said year. There is nothing in the record to show that a formal demand for possession was ever made of him. As hereinbefore stated, some sort of possessory action was filed against him in the justice court about the last of March of that year, but when he appeared to contest the same appellant dismissed it and its attorney declared a purpose to institute a suit in trespass to try title, which purpose was shortly thereafter executed. A then existing purpose to summarily evict him by the issuance and service of a writ of sequestration could be reasonably implied. If appellant caused the writ of sequestration to be issued in this case and appellee evicted by the levy thereof with knowledge that it was not entitled to possession of the premises at the time, exemplary damages could be recovered. 27 Tex.Jur. p. 289, part § 164; Wood v. Ingram, Tex. Civ.App., 275 S.W. 397, 401, par. 8, and authorities there cited; Drinkard v. Anderton, Tex.Civ.App., 280 S.W. 1076, 1079, par. 5. Such damages could also be recovered if such writ, in addition to being wrongfully sued out, was sued out maliciously and without probable cause. 38 Tex. Jur. p. 249, § 87; Dallas Joint Stock Land Bank v. Lancaster, Tex.Civ.App., 100 S.W. 2d 1029, 1033, pars. 9 and 10; Wallace v. Burson, Tex.Civ.App., 86 S.W.2d 803, 805, par. 2. Appellant presents propositions assailing the sufficiency of the evidence to sustain the findings of lack of probable cause and malice on the part of the corporation. We have hereinbefore recited the substance of some of the evidence relevant to these issues. The recital of all the evidence is impracticable, but we have carefully considered the same as a whole and have reached the conclusion that it is sufficient to sustain each of said findings. See, in addition to the authorities above cited, 38 Tex.Jur. p.

276 et seq., §§ 110 to 112, inclusive, and authorities cited.

The judgment of the trial court is reformed by reducing the actual damages awarded appellee to the sum of $550, in accord with the terms of his remittitur, and by limiting his entire recovery to the sum of $1,050, with interest from the date of such judgment as specified therein, and as so reformed, the same is affirmed. The costs of this appeal are adjudged against the appellee.