### B. D. ROGERS v. O. W. McGUFFEY.

No. 1213. Decided June 1, 1903.

**Damages—Renting on Shares—Probable Profits.**

The damage for breach of a contract leasing land to plaintiff on shares is the value of his share of the crop which he could have made, less proper deductions, to be determined by the circumstances of each case. Brincefield v. Allen, 25 Texas Civ. App., 258, approved, and Loyd v. Capps, 29 S. W. Rep., 505, disapproved. (Pp. 565, 567.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Collin County.

*Abernathy & Mangum,* for appellant.

*H. L. Davis, J. N. Grisham,* and *W. C. Jones,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the Fourth Supreme Judicial District as follows:

"McGuffey sued Rogers to recover damages for breach of a contract for the rental of fifty acres of land, alleging that he had rented the land for the year 1901, and in pursuance of his contract broke six acres of stubble land, reasonably worth $6, and was at other expense in connection with the land in the sum of $270, and that the contract was breached on January 1, 1901. That under the terms of the contract appellant, Rogers, was to furnish the land, teams, tools, farming implements, and food for the teams, and the crops of corn and cotton were to be equally divided between landlord and tenant. He claimed the value of one-half of what he would have raised as his damages. The evidence showed the breach of the contract on January 1, 1901, and also what crops appellee would probably have produced on the land during the year 1901, and the value thereof. Complaint is made of the following charge given by the court:

" 'And in determining plaintiff's damages, if any, you are instructed that the measure of damages would be the reasonable market value of one-half of all the corn and cotton which plaintiff would be reasonably expected to have raised upon said premises during the term of said lease, less such amount as plaintiff is shown to have earned or by the use of reasonable diligence he might have earned by engaging in a similar or different business after the breach of said contract, and in addition thereto, if you find and believe that plaintiff broke some land and mowed some weeds on said premises the plaintiff would be entitled to recover the reasonable value of said work, and that in consequence of said breach of said contract was compelled to move and remove some corn then he would be entitled to recover the reasonable costs of moving said corn.'

"In the case of Loyd v. Capps, 29 S. W. Rep., 505, the Court of Civil Appeals of the Fifth Supreme Judicial District held that a charge enunciating the same measure of damages as that above copied was incorrect and announced a different measure of damages. In the case of Brincefield v. Allen, 25 Texas Civ. App., 258, decided by the Court of Civil Appeals of the First Supreme Judicial District, the charge herein copied seems to be sustained and there is an apparent conflict if not a direct overruling of the doctrine of Loyd v. Capps. Being unable to follow one ruling without conflict with the other, we deem it our duty under the law of 1899 (Acts Leg., p. 170), to certify to the honorable Supreme Court of Texas the following question:

"Was the charge on the measure of damages correct?"

Whether or not the charge was correct throughout may depend upon a fuller knowledge of pleadings and evidence than is furnished by the statement, and we deem it improper for us to answer the question as broadly as it is put. The certificate indicates that the only purpose of the Court of Civil Appeals was to obtain a decision of the point in which the two decisions referred to are deemed to be in conflict. The opinion in the case first cited holds that, "what the plaintiff would have made by being permitted to cultivate the land is subject to too many contingencies to constitute a reliable basis for the recovery of damages, and that he was only entitled to recover the difference in value of what he agreed to pay for the land and that which the use of the land was worth." The Court of Civil Appeals for the First District, in the other case, took a different view, and held that inquiry might be made as to the value of the crops which would probably have been produced had the contract been carried out, and this value would form the proper basis for estimating plaintiff's damages. In the Capps case the court applied the measure generally considered to be applicable in cases where ordinary contracts for the renting or letting of land are broken. In such cases this measure is applied because it in fact gives compensation for the loss actually sustained in the absence of special damages. But contracts like the one in question have additional elements. The parties entering into them stipulate for shares in the crops to be produced as the benefit to be derived from them. The owner of the land expects the

share reserved to himself as a return for the cultivation of his land and his other outlay. The benefits expected by the other party are employment and the stipulated return for his labor, and sometimes, a home for the time. To deprive him of these benefits is to deprive him of that which, in the very contract, both parties to it contemplate he shall receive. It would seem to follow necessarily that his damages should be compensation for what he thus lost. In such a contract the parties enter into a joint business enterprise and stipulate what shall be the advantages to each. When one wrongfully deprives the other of those advantages he should be required to compensate him for that which the contract stipulated he should have. The objects of the contract have a close analogy to those of a partnership and, in so far as employment for the labor of one of the parties is one of the purposes, to the contract for personal service.

It is held by this court, that, in actions for breach of a contract of partnership, inquiry as to the probable profits of the business is admissible and that such profits can be recovered. Hunt v. Reilly, 50 Texas, 103, 104. And in a contract for personal service as an overseer, to be paid for by a part of the crop, it was held in Hassell v. Nutt, 14 Texas, 260, that the value of the crop that would probably have been made could be proved as the basis for estimating damages. These authorities and other illustrative ones that might be cited show that there is nothing in the objection that the results of such an inquiry are too speculative and uncertain. It is true that the plaintiff is not necessarily entitled to recover as fully as if the contract had been performed, it often being necessary to make proper deductions in order to ascertain the true amount of his damages. But it is still true that the probable results of the contract, if executed, its "value," as Judge Wheeler calls it in Hassell v. Nutt, are to be the basis of the inquiry. Hearne v. Garrett, 49 Texas, 626. What deductions should be made must, as indicated by the opinion in the case last cited, depend upon the facts of particular cases. Hence, as we have already said, we can not without knowing more of the facts of this case than is disclosed by the certificate, determine whether the charge was entirely correct or not. What we have said is, we trust, sufficient to dispose of the conflict between the views expressed in the two cases referred to.