SPRINGER et al. v. RILEY.

(Court of Civil Appeals of Texas. March 22, 1911. On Motion for Rehearing, April 12, 1911.)

1. LANDLORD AND TENANT (§ 331*)—DISPOSSESSION OF TENANT—MEASURE OF DAMAGES.

The measure of damages for the wrongful dispossession of a tenant renting for a share of the crops is the tenant's part of the market value of the crop he would reasonably be expected to raise on the premises during his term, less the expenses necessary in planting, cultivating, harvesting, and marketing the crop, whether the tenant had or had not actually planted all of the ground at the time of the dispossession.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 331.*]

2. LANDLORD AND TENANT (§ 331*)—DISPOSSESSION OF TENANT—MEASURE OF DAMAGES.

A tenant on shares claiming damages for wrongful dispossession has the burden of proving the damages sustained.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 331.*]

3. DAMAGES (§ 40*)—LOSS OF PROFITS—WHEN RECOVERABLE.

To justify the recovery of prospective profits as damages, reasonable certainty of profits is all that is necessary.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

4. TRIAL (§ 343*)—VERDICT—CONSTRUCTION—PARTIES.

In an action against a tenant for possession of the premises, aided by sequestration, in which the tenant counterclaimed against plaintiff and the surety on the sequestration bond for damages, a general verdict for defendant for a specified sum, without specifying who it was against, was a verdict against both plaintiff and the surety on the sequestration bond.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 343.*]

5. PRINCIPAL AND SURETY (§ 163*)—ACTIONS—JUDGMENTS.

Where, in an action against a principal and surety on a sequestration bond, the surety asks for judgment over against the principal, the court rendering judgment on the bond properly ren-

dered judgment in favor of the surety against the principal.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 163.*]

6. SEQUESTRATION (§ 20*)—BONDS—LIABILITY OF SURETY.

The obligation of a sequestration bond is that the person suing out the writ will pay to defendant all such damages as may be awarded against him, and all costs in case the court decides that the sequestration was wrongfully issued, but the surety is not liable for exemplary damages, unless based on some special conduct of plaintiff in which the surety participated.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 20.*]

7. APPEAL AND ERROR (§ 216*)—OBJECTIONS IN LOWER COURT—INSTRUCTIONS—REQUESTS —NECESSITY.

Mere matters of omission in a charge cannot be complained of unless proper requests are made and refused.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627–641.]

On Motion for Rehearing.

8. NEW TRIAL (§ 128*)—GROUNDS—SPECIFICATION—SUFFICIENCY.

Under District and County Courts Rule 68 (67 S. W. xxv), providing that grounds of objection in general terms shall not be considered, adopted pursuant to Rev. St. art. 1371, requiring all grounds to be specified, a ground of a motion for new trial that the verdict is contrary to the law and the evidence does not present any question.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 257–262; Dec. Dig. § 128.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Henry Springer and another against E. R. Riley. From a judgment granting insufficient relief, plaintiffs appeal. Affirmed.

The petition of Springer and wife alleged that they were the owners of certain land; that about December 24, 1908, they and defendant, Riley, entered into an oral agreement by which defendant became their tenant at will of the land, agreeing to surrender possession to them upon demand; that plaintiffs had demanded possession, which defendant refused; that plaintiffs have upon the premises farm implements, chickens, cows, hogs, feed stuffs, etc., which defendant withholds from plaintiffs; and that by said wrongful detention plaintiffs have been damaged in the sum of $1,000, praying for a writ of restitution, and for restoration of said property, or in lieu thereof judgment for its value, etc. Plaintiffs sued out a writ of sequestration by which defendant was dispossessed.

Defendant demurred and pleaded general denial and not guilty, set up a plea of res judicata wherein he set forth that Springer had sued defendant in forcible detainer for possession in a justice's court and a judgment had been rendered against plaintiff in such proceeding, that the cause of action was the same as that herein asserted. Defendant also pleaded in reconvention against plain-

tiffs and the surety on the sequestration bond, the Southern Surety Company, alleging, in substance: A rental contract for said land for the term of one year from December 23, 1908, upon the following terms: Plaintiffs were to receive as rent one-third of the feed stuff and one-fourth of the cotton which was to be produced by defendant on the land, and defendant was to have the use of the dwelling house on the land with vegetable garden rights and the right to cut wood for household uses. That defendant moved on the land on December 24, 1908. That he intended planting and working about 100 acres, 50 acres in Johnson grass, 20 acres cotton, 15 acres cane, 10 acres corn, 5 acres in millet and Johnson grass seed mixed, and the contract of rental contemplated the aforesaid work on the land. That defendant commenced said working and planting, and had breached none of his obligations, when, on March 3, 1909, the said forcible detainer action was brought, which resulted as aforesaid. That under the writ of sequestration issued in the present case plaintiffs caused defendant to be evicted on April 12th. That said writ was wrongfully sued out. That defendant could reasonably have expected to make and in fact would have made and produced crops of the following amounts and values, defendant's share: Johnson grass from 50 acres, $1,700; cane from 15 acres, $666.66; cotton from 20 acres, $350; millet and Johnson grass from 5 acres, $300—making the total value of defendant's share of the crops $3,016.66, which was the reasonable market value of the stipulated share of the defendant which could reasonably be expected to raise on said land, less the expenses reasonably necessary in performing the contract. That defendant had been unable to make any money since the dispossession, and he was further deprived by the sequestration of the vegetable garden rights and the use of wood in the total sum of $195. That he was damaged in the total sum of $3,211.66 in consequence of the wrongful conduct of plaintiff as above set out, and that plaintiffs wantonly, willfully, maliciously, and unlawfully sued out said writ and dispossessed defendant, for which he claimed $500 as exemplary damages. The prayer was for judgment against plaintiffs and the surety company for the actual damages and against plaintiffs for the exemplary damages. The case was submitted only as to actual damages. The verdict was for plaintiffs for possession of the land and for defendant in the sum of $350. There is no need of stating the pleadings further.

C. M. Chambers and Hertzberg & Barrett, for appellants. Leonard Brown and Jas. W. Brown, for appellee.

JAMES, C. J. (after stating the facts as above). Appellants' brief presents together plaintiffs' eighth assignment of error and the

surety company's sixth and seventh assignments.

Under this head appellants present these propositions:

### "First Proposition.

"If the measure of damages in this case is defendant's portion of the market value of the crop he would be reasonably expected to have raised on the premises during his supposed term, less 'all expenses reasonably necessary in planting, cultivating, harvesting and marketing the crop,' then it was necessary for defendant to prove what those expenses were, and on failure to make such proof the value of the crop is not shown, and the 'means of ascertaining the measure of damages is not afforded,' and defendant's cross-action fails.

### "Second Proposition.

"The real measure of damages in this case considering the plaintiffs' liability if there has been a tenancy is the rental value of that part of the farm that was uncultivated at the time of eviction, plus the loss of defendant's portion of any crop actually planted and growing, and plus the value of the preparation of land for cultivation in the matter of the broken and unplanted land."

[1] The measure of damages in a case of renting land for a share of the crop to be produced upon it where the tenant is wrongfully dispossessed during his term is clearly laid down by the Supreme Court of this state in Rogers v. McGuffey, 96 Tex. 565, 74 S. W. 753, in accord with the charge given by the trial court in this case. The trouble, however, is with the testimony, which, in this case, fails to afford the jury the means of arriving at what expense the defendant would have been in producing the crops, had he been allowed to continue the possession. The jury, therefore, did not have what was necessary to guide them in applying the rule. It is not possible to say that the verdict would not have been less had the testimony shown what the expenses would have amounted to. The first of said propositions is sustained. Railway v. Pape, 73 Tex. 501, 11 S. W. 526.

We overrule the second proposition. Defendant's damages from being dispossessed were the same, according to said rule, whether he had or had not actually planted all of the ground. If appellants' view were sustained, all that the wrongdoer would have to do to safeguard himself against the tenant's damages would be to see to it that he was evicted early in the term.

[2] The third proposition under said assignment is that the burden of proof of damages was on the defendant. This is indisputable, but there is nothing in the charge to the contrary.

[3] The fourth proposition is that: "Prospective profits, when allowable, must be proved with certainty, 'and the instances in which it would be possible to make such proof must necessarily be exceptional.' " Reasonable certainty is all that is necessary. The testimony introduced for the purpose of showing what crops would have been produced by defendant on this land was by comparison with what other like land in the neighborhood produced that season. The testimony is probably sufficient, but in view of another trial any doubt as to the question may be removed.

[4, 5] Another proposition under certain assignments is that the verdict "is not sufficient to justify a judgment because it is vague and uncertain, in that it finds for the defendant in the sum of $350, and does not state against whom it is found and besides there is a judgment in the surety company's favor and no verdict in its favor at all." The general verdict for defendant meant against both parties against whom judgment was asked. The court properly entered judgment in favor of the surety company over against plaintiffs, such judgment being asked in the surety company's pleading, and its right thereto being clear.

Another proposition is found which contends that a joint judgment against principal and surety is void, when exemplary damages are involved, because exemplary damages are not allowed against a surety. Exemplary damages was not submitted to the jury; hence the verdict had reference to actual damages.

Another proposition is that: "A surety in sequestration is not liable for anything but the wrongful eviction or trespass, and is not liable on any contract existing between the parties and connected with the eviction or trespass." Also this: "Loss of profits, resulting from wrongfully attaching property, is not an element of actual damages, but can be recovered only when exemplary damages are proper. Hence this case is either one on contract not ex delicto for trespass in seizing the property under sequestration, or no damages have been properly proven unless they are exemplary. Hence the judgment is against the facts and the evidence." Also: "A surety on a sequestration bond is liable only as a trespasser, ex delicto, as for a tort, and not for obligations or contracts between the parties, except so far as such contracts may make the sequestration void."

[6] Our view varies from these assertions. The damages measured by the aforesaid rule are actual damages. The obligation of the sequestration bond is that the person suing out the writ will pay to the defendant all such damages as may be awarded against him, and all costs, in case it shall be decided that such sequestration was wrongfully issued. It is well settled that the surety is not liable on the bond for exemplary damages, unless such damages are based upon some special conduct of the plaintiff in which the surety participates. For the actual damages done by reason of the wrongful issuance of the writ the surety, in terms, binds

himself. The rule of law relating to the ascertainment of the actual damages in the particular case cannot be given the effect of relieving the surety.

[7] What has been said in this opinion sufficiently disposes of propositions we have not specially mentioned. We may add, though it is hardly necessary, that mere matters of omission in the charge of the court cannot be complained of, unless proper requests are made and refused.

Reversed and remanded.

### On Motion for Rehearing.

This cause was remanded because of the failure to prove what the expense of making the crops would have been. This went to the sufficiency of the evidence to support the judgment, and was a matter necessary to be specified in the motion for new trial.

[8] There was nothing in the motions for new trial assailing the verdict on this ground, unless it was comprehended in the following ground: "Because the verdict of the jury is contrary to the law and the evidence." That this did not present such question or any question for the action of the trial judge is made clear by rule 68 (67 S. W. xxv) prescribed for the government of district and county courts, which reads: "Grounds of objections couched in general terms as that * * * the verdict of the jury is contrary to the evidence, the verdict of the jury is contrary to the law and the like, shall not be considered by the court." This rule is in pursuance of article 1371, Rev. St., which requires all grounds to be specified, or not heard or considered.

There was nothing in the motion for new trial specifying and calling the trial court's attention to this ground of the insufficiency of the evidence. Consequently it was error for this court to sustain an assignment based on such ground.

There was a ground stated in the motions that the verdict was excessive for certain reasons as that the only damage shown, if any, was for five acres of corn that had been planted, and that no mathematician on earth could possibly figure $350 damages from the evidence. We find that there was testimony to support the amount of the verdict.

The case having been reversed and remanded on a question that appellant was not entitled to raise on this appeal, our former judgment is set aside, and the judgment of the district court affirmed.