MINDES MILLINERY CO. et al. v. WELLBORN et ux. (No. 5986.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 27, 1918. Rehearing Denied March 27, 1918.)

1. EVIDENCE ⬅️249(1) — ADMISSION — LETTER WRITTEN BY PARTNER.

Where one member of a partnership, in response to plaintiff's telegram, directed her sister to write plaintiff, and plaintiff in an action for breach of contract of employment relied thereon, such letter, it appearing that plaintiff received it and handed it to the other partner, is admissible as against objections that it contained unauthorized terms and that its contents were unknown to the partner who directed it to be written.

2. MASTER AND SERVANT ⬅️41(6) — BREACH OF CONTRACT OF EMPLOYMENT—MATTERS OF DEFENSE.

In an action for breach of contract of employment, the facts showing mitigation of damages by reason of the employé's earnings after termination of the contract must be pleaded and proven by the employer.

3. TRIAL ⬅️350(4)—SPECIAL ISSUES—SUBMISSION—ANSWERS.

In an action for breach of contract of employment, where the defendants did not plead as mitigation earnings by the employé after termination of the contract, it is improper to submit that issue to the jury and the finding thereon should be disregarded.

4. APPEAL AND ERROR ⬅️1033(9)—REVIEW—HARMLESS ERROR.

Where plaintiff requested deduction of part of the recovery, although defendants were not entitled thereto, defendants not having objected cannot complain of the deduction; it being to their advantage.

Appeal from Bexar County Court for Civil Cases; Jno. J. H. Clark, Judge.

Action by R. L. Wellborn and wife against the Mindes Millinery Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

O. M. Fitzhugh and E. B. Cocke, both of San Antonio, for appellants. Douglas Cater, of San Antonio, for appellees.

SWEARINGEN, J. The appellee Nettie Wellborn brought this suit against Mrs. M. Mindes, a feme sole, and Ben Mindes, alleged to be partners and operating a millinery business under the firm name of Mindes Millinery Company. The purpose of the suit was to recover damages in the sum of $524 for breach of a contract of employment for a period of one year beginning May 15, 1915. Special issues were submitted to a jury. Judgment was rendered in favor of appellee for the sum of $480.

The cause of action is alleged as follows:

"That heretofore, to wit, on or about the 15th of May, A. D. 1915, the defendant Mrs. Mindes, acting for herself and for the Mindes Millinery Company, solicited and engaged the services of the plaintiff Mrs. Nettie Wellborn to be performed for her in the place of business of the Mindes Millinery Company aforesaid. That Mrs. Mindes offered plaintiff work as milliner for a period of one year from that date and to pay her therefor the sum of $12 a week for five months. and $15 a week for the remaining seven months of the period, and to pay the wages to plaintiff weekly as the work was performed. That plaintiff accepted such offer and thereupon went to work for Mrs. Mindes and the Mindes Millinery Company under such agreement and discharged and performed her services thereunder. That at said time Mrs. Mindes promised plaintiff to give her their said contract in writing. That plaintiff worked for defendants under said agreement until July 27, 1915, when the defendants discharged plaintiff from their employment. That the defendants discharged plaintiff without just cause therefor. They refused to permit plaintiff to continue work, which she offered to do, and denied her the right and disavowed their obligation under their said contract. That for the remainder of her contract period, after said discharge, plaintiff was unable to find employment as milliner or trimmer, although she tried continually to do so, and was unable to secure lucrative employment in other lines."

Appellants answered by a general and several special exceptions and a general denial. The answer averred that appellee's services were unsatisfactory, because she was wasteful of material, and because she would not submit to orders from those in position to give her orders; that she was a trouble maker, and was incompetent; all of which would have justified the discharge of appellee; but, as a matter of fact, appellee voluntarily left the employ of appellants. The answer closed with the following prayer:

"Wherefore, premises considered, defendants pray that plaintiff take nothing by reason of this suit, and that defendants be permitted to go hence without day and recover their costs, and that they also have such other and further relief as they may show themselves entitled to in law or in equity with credit, if plaintiff recovers, for plaintiff's earnings during the alleged contract period."

The undisputed evidence discloses that appellee was employed for personal service in the Mindes Millinery Store from May 15, 1915, and continued in that employment until

July 28, 1915; that the employment ceased on the latter date. Appellee received $12 a week compensation up to July 28, 1915. She received nothing after that date from the Mindes Millinery Company. Appellee earned $60 from other employment after ceasing to work for the Mindes Millinery Company. This $60 was deducted from the amount found to be due appellee by the verdict of the jury. The deduction was requested by appellee in a motion presented to the trial court before the decree was rendered.

[1] The first assignment urges that the court erred in admitting in evidence over timely objections the following letter:

"Caldwell, Tex., July 18, 1915.
"Dear Friend: Mrs. Wellborn I received your message. As I can not send you a guarantee from here but if you think you are capable of holding the position it will be all right with us, and your season will be just as long as you will wish for. Mrs. Erwin has not asked for a contract & not any of the other girls asked for any. I do not leave Caldwell until Sat. You can write & let me know what your intentions are.
"Respectfully,                 Mrs. Mindes."

The objections were:
"The evidence showed that it was not written by Mrs. Mindes or any one of the defendants; that Mrs. Mindes nor any one of the defendants ever saw the letter or read it or knew its contents before it was mailed to the plaintiff; and the evidence also showed that no one had been authorized by Mrs. Mindes or any one of the defendants to write to plaintiff the matters contained in said letter, and said letter could not therefore be binding upon Mrs. Mindes, or any one of the defendants, and in no sense would be competent testimony and would be highly prejudicial to the interest of defendants if admitted to the jury."

The statement of facts shows that Mrs. Mindes, while visiting her sister in Caldwell, Tex., July 28, 1915, received the following telegram from appellee:

"San Antonio, Texas, July 28, 1915.
"Mrs. Mindes, c/o Segil Merchandise Co., Caldwell, Texas.
"Wire me my expense stating contract I made with you.
"Mrs. L. R. Wellborn,     106 Dilworth Ave."

On the same day she directed her sister to write a letter in reply to the telegram, and authorized the sister to sign appellant's name, "Mrs. Mindes," to the letter. The letter was mailed to and received by appellee in due course of the mail. In fact the identical letter was handed to appellee by Ben Mindes, one of the appellants, and at that time active manager of the store. The context of the letter shows that it was relevant to the issue of whether or not a year's contract existed between appellee and appellants. From the foregoing facts it is clear that the letter was prima facie evidence admissible in testimony as an admission of Mrs. Mindes that appellee could make her season of employment with the Mindes Millinery Company as long as she chose. Whether the sister wrote unauthorized statements in the letter, or whether Mrs. Mindes did not know the contents of the letter, were questions of fact for the determination of the jury. The letter was sufficiently identified as the one written in response to appellee at the request of appellant Mrs. Mindes, and signed and mailed upon appellant's order. The letter was properly admitted in evidence.

The assignment is overruled.

[2, 3] The second, third, fourth, fifth, and sixth assignments require a review of the rulings of the court in reference to the answer of the jury to the eighth special issue submitted. No objection was made to the submission of the eighth issue or to its form. The question and answer are:

"What amount was earned by the plaintiff Mrs. Nettie Wellborn between the 28th of July, 1915, and May 15, 1916?" "We, the jury, answer the foregoing question, $540.00."

The contention is that by the answer to the eighth question just quoted the jury found that appellee had earned $540 during the period from July 28, 1915, to May 15, 1916, and that this sum deducted from the $540 found by the jury to be the amount due the appellee from appellants during that period exactly balanced the account between them. Appellant bases this contention upon the proposition that the pleadings made an issue in the case of the amount that appellee had earned while working for other persons than the Mindes Millinery Company after she ceased her work with them. Appellant had no allegation that appellee earned any sum from July 28, 1915, to May 15, 1916, nor that by the use of reasonable diligence appellee could have earned money.

Appellee alleged her cause of action when she set out the contract and its breach. Facts showing mitigation of the damages caused by the breach of the contract could and should have been alleged by appellant as matters of defense. The burden was upon appellant to plead and to prove such facts. San Antonio Light Pub. Co. v. Moore, 46 Tex. Civ. App. 259, 101 S. W. 867; Southern Wells Sales Co. v. Eastham, 181 S. W. 698.

No such defense was alleged by appellant, and therefore the eighth special issue should not have been submitted to the jury, and the answer to that issue could not have properly entered into the judgment of the court. The court did not err in ignoring that finding.

[4] The remittitur of $60 by appellee before the decree was rendered was a generous gratuity to appellant which appellee had a legal right to grant and of which appellant cannot and did not complain. The contention that because appellee gave appellant $60 the entire judgment should be reversed is hardly fair or reasonable.

The court very properly disregarded the jury's verdict upon the eighth issue, because there was no such issue pleaded. The court did not err in accepting for appellant the gift of $60 and deducting that sum from the decree, and, if it did err in this respect, the appellant made no objection to the reduction,

and is not in a position to complain that it suffered any substantial injury by that reduction.

All assignments are overruled.

The judgment is affirmed.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes