### RAY v. FOUTCH et al.
### No. 3820.

Court of Civil Appeals of Texas. Amarillo.
May 25, 1932.

B. N. Richards, of Dalhart, for appellant.

L. H. Tittle, of Stratford, and Tatum & Strong, all of Dalhart, for appellees.

MARTIN, J.

In the spring of 1929, appellant Ray sold and conveyed to W. B. Foutch three tracts of land in Dallam county, aggregating 2,017 acres, retaining in his deed a vendor's lien to secure a large amount of purchase-money notes. On default of Foutch in the payment of part of this purchase money, Foutch gave to Ray additional security in the fall of 1929. In December, 1930, Foutch reconveyed this land to appellant in consideration of the cancellation of all indebtedness held by appellant against Foutch, and appellant shortly thereafter went into possession of this land. At the time of this conveyance, and prior thereto, there were six hundred acres of wheat up and growing on said land. Nothing was said at the time of or prior to the conveyance aforesaid by anybody with reference to the ownership of said wheat. In June, 1931, this wheat had grown to maturity and was ready to be harvested, when J. L. Foutch and others made claim to a one-half interest in said wheat, arising out of a rental contract alleged to have been made with W. B. Foutch in the spring of 1930, under the terms of which W. B. Foutch was to furnish the land, tractors, fuel, seed, etc., to plant, cultivate, and harvest said wheat, and was to receive one-half of the wheat crop raised on said land, as rental, the other one-half to go to J. L. Foutch et al. Prior to this time appellant claims to have had no notice of this rental contract. After receiving this notice he filed a trespass to try title suit against W. B. Foutch and his alleged tenants, sought and obtained an injunction against all of them, restraining and enjoining each of them from harvesting or attempting to harvest said wheat or from selling or marketing any of same. The wheat was thereafter harvested and marketed by appellant.

At the next term of the district court a disclaimer was filed by all defendants as to any interest in the land, but J. L. Foutch et al., claiming to be tenants of W. B. Foutch and to have prepared the land and planted the six hundred acres of wheat in contro-versy, alleged an unlawful conversion of their one-half interest in the wheat by appellant and sought judgment for the wheat, or, in the alternative, for the market value of same. To this cause of action appellant answered by a general denial and some other pleadings not necessary to here mention.

The cause proceeded to trial upon these pleadings, and the jury found, in response to special issues, in substance: (a) That W. B. Foutch had, prior to the date that he conveyed the land back to appellant, made a contract with J. L. Foutch et al., agreeing to give them one-half of the wheat grown on the land as alleged in their pleadings; (b) that there was grown on said land and harvested by appellant, 7,168 bushels of wheat of the market value of 28 cents; (c) that the reasonable expense for harvesting and marketing said wheat was $837; (d) that at the time said deeds were executed, reconveying the lands in controversy to appellant, he, his agent, or attorneys had no notice or knowledge of any claim by said parties to an interest in the wheat; (e) that on the date of said conveyances J. L. Foutch et al. owned an interest in the wheat then on said lands; and (f) that the injunction served on defendants was not sued out willfully.

Upon these findings both plaintiff and defendants asked for judgment. The court overruled the motion of plaintiff and rendered judgment for defendants J. L. Foutch et al. for the sum of $1,003.50, being the market value of the wheat without any deduction for harvesting expenses.

Many propositions are asserted, but as we understand the record they amount, in effect, to only two, viz.:

First, that under the recited circumstances all of the wheat passed to the appellant by the deed aforesaid, and that as a matter of law he was entitled to harvest and gather the crop and appropriate its entire proceeds to himself.

Second, if not, he was entitled to have deducted from the market value of such crop one-half of the harvesting expenses found by the jury.

All parties apparently concede that one-half of the wheat in controversy belongs to appellant by virtue of the conveyance to him of the lands in controversy by W. B. Foutch, he being the owner of the land and having a one-half interest in the wheat at the time.

 Crops belonging to the owner at the time pass by his deed to a purchaser. Holloman v. Bishop (Tex. Civ. App.) 197 S. W. 1000, and authorities there cited. But the owner of the land before sale, or foreclosure of a vendor's lien against it, may effect a constructive severance of a crop, and thus prevent it from passing to the purchaser. Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; League v. Sanger Bros.,

25 Tex. Civ. App. 347, 60 S. W. 898. Growing crops which are the product of annual cultivation are, after actual or constructive severance, generally regarded as personalty and may be transferred as ordinary chattels. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Stamps v. Ezell (Tex. Civ. App.) 174 S. W. 944. A severance may arise from any definite act showing such intention, and a crop thus severed thereafter becomes and is regarded in law as personal property. Bowyer v. Beardon, 116 Tex. 337, 291 S. W. 222. The findings of the jury in the instant case, which appear to be amply supported by both pleading and proof, place one-half of the crop in controversy in the category of personal property, and as such it was clearly not subject to the ordinary rules governing the transfer of realty. Appellant's claim to the wheat is based solely on the deed by Foutch to him in December, 1930. Foutch's deed conveyed realty and not personal property. It could not be seriously contended that Ray would receive, under an ordinary warranty deed as in this case, the title to all personal property which happened to be on the land at the date of such conveyance. He could not be the innocent purchaser, as contended by him, of something he did not buy. If no wheat passed to him by the deed, he never had title or any right to same, and therefore his contention that he was the innocent purchaser, without notice of the tenants' claim, is without merit.

 Just what the exact measure of damages is in a suit by a tenant or share cropper against his landlord for a breach of a rental contract has been the subject of much discussion. The diligent investigator seeking light on the subject will find a bewildering number of decisions, many of which only add confusion to an already uncertain subject. The Supreme Court, in Crews v. Cortez, 102 Tex. 111, 113 S. W. 523, 38 L. R. A. (N. S.) 713, announces a rule on this subject which is perhaps as clear as can be found. This case likewise takes note of the distinction between the measure of damages in those cases where there has been a conversion of a crop by virtue of a willful trespass and that class where the wrong done consists only in the breach of an executory rental contract. The rule seems to be well settled that, in the first class of cases above mentioned, the tenant is entitled to recover the full value of his share of the crop without having to account to the trespasser for any expenses incurred by him with reference thereto after his wrongful appropriation of the property. In the latter class, where only a breach of contract occurs, there are certain deductions allowable, as is pointed out in Crews v. Cortez, supra. Of the many cases on the subject in Texas, those of Tignor v. Toney, 13 Tex. Civ. App. 518, 35 S. W.

881, and Fagan v. Vogt, 35 Tex. Civ. App. 528, 80 S. W. 664, apply the rule first above mentioned, while the cases of Crews v. Cortez, supra; Rogers v. McGuffey, 96 Tex. 565, 74 S. W. 753, and Waggoner v. Moore, 45 Tex. Civ. App. 308, 101 S. W. 1058, typify the latter class of cases. But, whether we classify the instant case in the one or the other of the above, the result is the same. If this be a case, as contended by appellees, of a willful conversion of a crop by a trespasser, there could, under the law, plainly be no deduction for harvesting expenses, and, if this case takes its place with the latter class, that is, the mere breach of an executory contract, there could be no deduction for harvesting expenses for the reason that there are no pleadings by appellant to support such. Only a general denial was filed. This was a matter of special defense that to be available to appellant should have been supported by proper pleadings. Weber Gas & Gasoline Engine Co. v. Bradford, 34 Tex. Civ. App. 543, 79 S. W. 46; Mindes Millinery Co. et al. v. Wellborn et ux. (Tex. Civ. App.) 201 S. W. 1059; Miller v. Sealy Oil Mill & Mfg. Co. (Tex. Civ. App.) 166 S. W. 1182; Kelvin Lumber & Supply Co. et al. v. Copper State Mining Co. (Tex. Civ. App.) 232 S. W. 858; 39 C. J. 100; Stolz v. Wells (Tex. Civ. App.) 43 S.W.(2d) 163, and numerous authorities there cited.

The judgment is affirmed.