### COOK v. HILDEBRAND et al.
### No. 4097.

Court of Civil Appeals of Texas. Amarillo.
Nov. 15, 1933.

Rehearing Denied Dec. 6, 1933.

Storey, Storey & Donaghey, of Vernon, for appellant.

Berry, Warlick & Gossett, of Vernon, for appellees.

JACKSON, Justice.

The appellee Virgil S. Hildebrand instituted this suit in the county court of Wilbarger county to recover certain rents from several defendants, but dismissed as to all of them except Flora Cook, the appellant, against whom he recovered a judgment for the sum of $684.19.

The appellee alleged that on August 23, 1932, he purchased from the appellant a certain described 420-acre farm which she conveyed to him by a proper warranty deed. That at the time of the purchase and conveyance there were cotton and feed crops growing on the farm, and he was entitled to one-fourth of the cotton and one-third of the feed crops produced thereon in the year 1932.

He also alleged that in addition to his rights to the rentals under the deed, that prior to its execution he had a specific contract with appellant, as a part of the consideration of the transaction, that she would account to him for all such rentals, which she had failed and refused to do, to his damage in the sum of $1,000.

The appellant answered by general demurrer, general denial, and alleged, in effect, that she and appellee did have an agreement made prior to the sale and conveyance of the farm, by the terms of which she reserved to herself all the rents derived from the crops on the premises in 1932.

She also pleaded that she was without business experience and at the time of the execution of the deed was ill and did not read it, but understood that it contained a reservation to the effect that she should receive the rents from the crops produced on the premises for 1932. That appellee brought to her a deed already prepared and fraudulently represented that he had already purchased the farm from the agent of the Land Bank and the premises would be taken away from her, and so induced her to sign the deed without the reservation of rentals therein, and without giving her an opportunity to seek advice relative to the matter; that she did not learn that there was no reservation clause in the deed until this suit was filed. That on account of such duress, threats, and the fraudulent representations, upon which she relied, and but for which

she would not have signed the deed, she executed the conveyance with the agreement that she was to receive the rents from the premises for the year 1932.

In response to special issue No. 1 submitted by the court, the jury found, in effect, that there was no fraud perpetrated upon appellant by failing to have incorporated in the deed such reservation clause.

The court instructed the jury that if they answered issue No. 1 in the negative, not to answer special issue No. 2, which, in substance, submitted to the jury whether there was an agreement between appellant and appellee by which she reserved the rents on the cotton produced by her on the 50 acres which she cultivated, and not to answer special issue No. 3, which, in substance, submitted to the jury whether there was an agreement by which she reserved the rents on the cotton produced by her tenants for the year 1932.

In response to special issue No. 4, the jury found that appellant did not expressly tell appellee that she was reserving the rents before the delivery of her deed conveying the farm to him.

The appellant, on sufficient objections thereto, assigns as error the action of the court in withdrawing from the jury special issues Nos. 2 and 3 on the condition that they answered special issue No. 1 in the negative, because, independent of the fraud alleged, she pleaded, and the testimony presented an issue as to whether there was an agreement made by which she reserved the rent from the cotton produced on the premises in 1932.

█ The law is that the owner of land which is rented to a tenant, on the sale thereof may, by oral agreement, reserve the rentals thereafter to accrue. Bowyer et al. v. Beardon et al., 116 Tex. 337, 291 S. W. 219. See, also, Ray v. Foutch et al. (Tex. Civ. App.) 50 S.W.(2d) 380.

██ The finding of the jury that there was no fraud perpetrated upon appellant in omitting from the deed a clause reserving to her the rentals on the farm for 1932 did not defeat her rights to recover under her allegations that by agreement with appellee, made before the execution and delivery of the deed, she reserved the rents and the court committed reversible error in withdrawing from the jury special issues Nos. 2 and 3; and the finding of the jury that appellant did not expressly tell the appellee that she was reserving the rents does not cure this error, for the reason that such oral agreement could have been made without such express statement.

Appellant objected to the form of issue No. 1, as submitted by the court, and without entering into a detailed discussion of such objection, in view of another trial we deem it sufficient to say that such issue, as worded, submitted to the jury a mixed question of law and fact, which should be avoided on another trial.

This we think sufficient to dispose of the assignments presented, and the judgment is reversed and the cause remanded.